## GANFER & SHORE, LLP

360 LEXINGTON AVENUE

NEW YORK, NEW YORK 10017

TELEPHONE (212) 922-9250
TELECOPIER (212) 922-9335

APR 25 2008

Thomas J. Curran
 Ext. 268
TCurran@GanferShore.com

April 24, 2008

**BY HAND DELIVERY**

Honorable Victor Marrero
United States District Judge
United States District Court for the
 Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 660
New York, NY 10007



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-25-08

Re:   Trinity Bui et al. v. Industrial Enterprises of America Inc., et al.,
      Civil Action No. 08-CV-00583

Dear Judge Marrero:

    We write on behalf of Defendant Industrial Enterprises of America Inc. ("IEAM") in the above-captioned action. Per the rules of the Court, we write to request a pre-motion conference regarding IEAM's intent to file a motion to vacate the default judgment entered by the Court against IEAM on April 10, 2008.

    This firm has only been recently contacted by IEAM on this matter and is in the process of being retained. On April 7, 2008, representatives for IEAM informed us that they had just been made aware that a motion for a default judgment had been submitted to this Court. In fact, counsel for plaintiff had asked for a hearing before the Court on that date. In an effort to preserve IEAM's interests pending our retention, we immediately attempted to contact Messrs. Barrows and Borstein, attorneys for plaintiffs, to learn the circumstances of the hearing. We were unable to reach Mr. Barrows, and Mr. Borstein did not share any details of the hearing when he returned our calls. Following several phone calls to the Court's chambers, we were informed that although there was no hearing scheduled on the motion for a default judgment, the motion was now fully submitted (without any opposition, of course).

    We have begun our investigation of this matter, and are preparing to move to vacate the default judgment. Before submitting this letter, earlier today, we contacted Mr. Barrows to seek consent to vacatur of the default judgment. Mr. Barrows refused to give such consent.

GANFER & SHORE, LLP

Hon. Victor Marrero
April 24, 2008
Page 2

    We anticipate the motion to vacate will demonstrate that the default was not willful, that vacatur would not unduly prejudice plaintiffs, and that IEAM has meritorious defenses to this action such that the default should be set aside. See Fed. R. Civ. P. 60(b); Knox v. Palestine Liberation Organization, ---F.R.D. ---, 2008 WL 878213 (S.D.N.Y. March 26, 2008).

    For example, service of process in this matter was flawed, such that the default was not "willful." Moreover, on information and belief, IEAM has several meritorious defenses— including as concerns plaintiffs' own conduct during the periods at issue—to assert. Simply, no prejudice flows to plaintiffs by vacating the default and having this case resolved on the merits.

    In view of the foregoing, IEAM respectfully requests a pre-motion conference to discuss the motion to vacate the default judgment.

    We thank the Court for its consideration.

Respectfully submitted,

Thomas J. Curran

Enclosures

cc:   Michael C. Barrows, Esq. (by first-class mail and electronic mail)
       Leon B. Borstein, Esq. (by first-class mail and electronic mail)

---

Request GRANTED. A status conference herein is scheduled for 5-2-08 at 9:15 a.m. to address the matter described above by defendant Industrial Enterprises of America, Inc.

SO ORDERED.

DATE: 4-25-08

VICTOR MARRERO, U.S.D.J.